UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PARDEEP KUMAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-2455-B |
| | § | |
| JOHN KERRY, Secretary, U.S. | § | |
| Department of State, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' joint Motion to Dismiss Complaint Under Fed. R. Civ. P. 4(m), 11, and 12(b)(5) (doc. 17) filed March 4, 2014. For the reasons that follow, the Defendants' Motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED** without prejudice.

### I.

### BACKGROUND

On June 26, 2013, Plaintiff Pardeep Kumar filed a complaint for a writ of mandamus seeking to compel Defendants John Kerry, Secretary, U.S. Department of State, Eric Holder, U.S. Attorney General, Janet Napolitano, Secretary, U.S. Department of Homeland Security, Alejandro Mayorkas, Director, U.S. Citizenship and Immigration Services, David Roark, Director, Texas Service Center, U.S. Citizenship and Immigration Services, and Lisa Kehl, Dallas District Director, U.S. Citizenship and Immigration Services, to revise the priority date on his I-140 visa. Doc. 1. On October 17, 2013, Plaintiff attempted to serve process on Defendants individually by FedEx. Docs. 12, Summonses and FedEx Receipts; 21, Pl.'s Resp. Br. 2.

In response, Assistant United States Attorney Angie L. Henson sent an email to Plaintiff's Counsel dated October 22, 2013, explaining that the service of the summonses and complaints by FedEx was not "in compliance with Fed. R. Civ. P. 4(i). Rule 4(i) must be strictly followed." Doc. 18, App. 7. Ms. Henson directed Plaintiff to Rule 4(i) because Plaintiff was attempting to file suit against United States officers in their individual capacities for acts occurring in connection with duties performed on the United States' behalf, and that Rule sets forth the methods of proper service in such a suit.

After receiving these instructions, Plaintiff attempted to serve the Defendants for a second time by mailing, via certified mail, a copy of the complaint and the summons for each Defendant to the Attorney General in Washington, DC. Doc. 21, Pl.'s Reply Br. 2. The mailing, which had the return receipt number 7013 0600 0001 1513 5342 ("*5342"), was delivered on October 29, 2013. Doc. 12, USPS Tracking Report 68. On December 12, 2013, Plaintiffs filed with the Court executed returns of service purporting to show that Defendants were properly served on November 13, 2013. Doc. 12., Proofs of Service 66 (Holder), 71 (Napolitano), 107 (Kehl), 122 (Kerry), 129 (Roark), 134 (Mayorkas). It was not until January 3, 2014 that Plaintiff properly served the United States Attorney for the Northern District of Texas. Doc. 18, App. 1–2.

On March 4, 2014, Defendants moved under Federal Rules of Civil Procedure 4(m), 11, and 12(b)(5) to dismiss Plaintiff's complaint for failure to properly effectuate service of process within 120 days of filing suit. Doc. 17. Plaintiff filed his Response to Defendants' Motion on March 14, 2014, Doc. 21, and on March 27, 2014, Defendants filed their Reply. Doc. 22. The Motion is now ripe for review.

II.

LEGAL STANDARDS

Under Rule 4(c)(1) of the Federal Rules of Civil Procedure, the plaintiff is required to serve the defendant with a complaint and summons. Failure to do so is grounds for dismissal under Rule 12(b)(5). *See Cockerham v. Rose*, No. 3:11-CV-277-B, 2011 WL 1515159, at *1 (N.D. Tex. Apr. 18, 2011). When a defendant questions the adequacy of service of process under Rule 12(b)(5), "the plaintiff has the burden of establishing its validity." *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

Service of process may be invalid for any number of reasons, but one is the failure to serve process in a timely manner as required by Rule 4(m). Fed. R. Civ. P. 4(m). This rule states that if service of the summons and complaint is not properly made upon a defendant within 120 days after the complaint is filed, "the court upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (citing Rule 4(m)). When a plaintiff fails to serve a defendant within this 120-day period, the court has two choices: "It may dismiss the action without prejudice . . . *or* direct that service be effected within a specified time." *Id.* (emphasis in the original) (internal quotations and citations omitted).

"To establish good cause, a plaintiff has the burden of demonstrating '*at least* as much as would be required to show excusable neglect . . . Simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Newby v. Enron Corp.*, 284 Fed. App'x 146, 149 (5th Cir. 2008) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1996)

(emphasis in the original)). In addition to good cause, "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required." *Id.* "[S]o long as there was not good cause for the failure to serve within the 120 days," whether "the defendant not served within the 120–day period later finds out about the suit or is in fact later served" is irrelevant. *Id.* Ultimately, however, the Fifth Circuit has held that "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Brown*, 91 F.3d at 21.

### III.

### ANALYSIS

In the present motion, Defendants move to dismiss Plaintiff's complaint for failure to properly effectuate service within 120 days of the complaint being filed. Defendants claim that they were not properly served until January 3, 2014, when Plaintiff sent a copy of the summons and complaint by certified mail to the Office of the United States Attorney for the Northern District of Texas as required by Rule 4(i) when filing suit against a United States official in his or her individual capacity. Doc. 17, Mot. to Dismiss 1. Since this was well after the prescribed deadline for service of process, Defendants maintain that Plaintiff's complaint should be dismissed under Rule 12(b)(5). *Id.*

In response, Plaintiff disagrees and insists that not only was each Defendant personally served by FedEx, certified mailing *5342 contained "the entire number of summons for each of the Defendants" and was sent "to the Attorney General of the United States at an address at 905 Pennsylvania Avenue NW, Washington, D.C. 20530-0001." Doc. 21 at 2. Plaintiff does not offer any good cause explanation why service was not properly effectuated within 120 days of Plaintiff's

filing, as alleged by Defendants. For the reasons that follow, the Court finds that Plaintiff failed to timely serve the Defendants and dismissal without prejudice is the appropriate remedy.

Rule 4(i) of the Federal Rules of Civil Procedure sets forth the requirements for serving a United States officer in an individual capacity for an act occurring in connection with duties performed on the United States' behalf. Fed. R. Civ. P. 4(i). Critically, the Rule requires that a party serve the United States *and* the officer. *Id.* To serve the United States, the party must:

> deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or send a copy of each by registered or certified mail to the civil process clerk at the United States attorney's office; [and] send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

*Id.*

In this case, Plaintiff filed his complaint on June 26, 2013. Accordingly, Plaintiff was required under Rule 4(i) and (m) to serve a copy of the summons and the complaint on each officer Defendant and the United States Attorney for the Northern District of Texas (i.e., the United States attorney for the district where the action was brought) within 120 days, or by October 25, 2013. Plaintiff did not properly serve the United States Attorney for the Northern District of Texas, however, until January 3, 2014, over two months after he was required to do so under Rule 4(m). Doc. 18, App. 1–2. Thus, Plaintiff failed to effectuate timely service of process.

Moreover, while Rule 4(m) gives courts broad discretion to extend the time for service even when a plaintiff fails to show good cause, the Court finds that such leniency is not warranted here. Not only has Plaintiff not offered any good cause explanation for why he failed to timely serve the

United States Attorney for the Northern District of Texas, Plaintiff was specifically reminded of his obligation to serve the United States Attorney by Assistant United States Attorney Henson on October 22, 2013, yet failed to do so until January 3, 2014. Under these circumstances, there is no just reason to grant Plaintiff an extension of time for service.

Finally, although the parties also dispute whether personal service was properly made on each of the officer Defendants, the Court need not reach this issue in light of Plaintiff's failure to properly serve the United States Attorney for the Northern District of Texas within the time prescribed by Rule 4(m).

## IV.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (doc. 17) is hereby **GRANTED** and Plaintiff's Complaint (doc. 1) is **DISMISSED** without prejudice. Should Plaintiff choose to re-file, Plaintiff or his counsel shall bear all filing expenses.

**SO ORDERED**.

**SIGNED: September 26, 2014.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE